IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

DEBRA PERROS, *individually and*
*on behalf of all other persons similarly situated,*

Case No.:

Plaintiffs,

-against-

**COLLECTIVE & CLASS
ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

MY ROULA, Inc. d/b/a MIKE JR'S RICHMOND DINER,
JOHN DOE CORPORATION d/b/a MIKE'S PLACE,
MICHAEL C. MOUDATSOS, SR. and MICHAEL C.
MOUDATSO, JR., *jointly and severally,*

Defendants.

-------------------------------------------------------------------------X

Plaintiff DEBRA PERROS ("Ms. Perros" or "Plaintiff") individually and as and for all similarly situated employees alleges against MY ROULA, INC. d/b/a MIKE JR'S RICHMOND DINER ("Mike Jr's Diner"), JOHN DOE CORPORATION d/b/a MIKE'S PLACE ("Mike's Place), MICHAEL C. MOUDATSOS, SR. and MICHAEL C. MOUDATSO, JR (collectively, "Defendants") as follows:

## NATURE OF THE CLAIMS

1. Plaintiff is a former waitress at Defendants' diners located at 4677 Hylan Boulevard Staten Island New York 10312 and 3954 Richmond Avenue Staten Island, New York 10312.

2. Defendants' payment schemes resulted in systematic underpayment of wages to Plaintiff and similarly situated employees in violation of the federal and state wage laws.

3. Plaintiff brings this action to recover unpaid wages owed to her and similarly situated employees pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA") and the New York Labor Law ("NYLL") §§ 650 *et seq.* Plaintiff also brings claims

for unpaid spread-of-hours premiums and for failure to provide proper wage notices and wage statements, pursuant to NYLL §§ 190 *et seq*.

4. Plaintiff alleges on her behalf and on behalf of other similarly situated current and former employees of Defendants that Defendants willfully violated the FLSA and NYLL by (i) failing to pay the minimum wage, (ii) failing to pay overtime premium pay; (iii) failing to pay spread-of-hours premiums (iv) failing to provide the Notice of Acknowledgement of Payrate and Payday under N.Y. Lab. Law §195.1, and (v) failing to provide an accurate wage statement under N.Y. Lab. Law §195.3.

5. Plaintiff alleges pursuant to the FLSA and NYLL that she and similarly situated employees of Defendants are entitled to recover from Defendants: (1) unpaid overtime (2) unpaid minimum wage (3) unpaid spread-of-hours premiums (4) penalties for wage notice violations (5) liquidated damages (6) interest and (7) attorneys' fees and costs.

6. Plaintiff brings FLSA claims on behalf of herself and all other similarly situated employees who worked for the Defendants at any time during the three (3) years prior to the commencement of this action ("Collective Action Members").

7. Plaintiff brings NYLL claims on behalf of herself and all other similarly situated employees who worked for the Defendants at any time during the six (6) years prior to the commencement of this action ("Class" or "Class Action Members").

8. In addition, Defendants filed fraudulent tax withholdings to the Internal Revenue Service ("IRS") for Plaintiff and similarly situated employees without withholding proper Federal and State tax, social security, FICA, and employee withholding deductions. Accordingly, Plaintiffs brings this action on behalf of herself and similarly situated employees pursuant to Internal Revenue Code 26 U.S.C. § 7434 for relief, damages, fees and costs in this matter because Defendants willfully filed fraudulent tax information forms with the IRS.

2

9. Plaintiff also brings claims pursuant to the New York State Executive Law §296 ("NYSHRL" and Title 8 of the Administrative Code of the City of New York ("NYCHRL") for sexual harassment, hostile work environment, and retaliation.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 because this action involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA.  Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's related claims under New York state law.

11. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

12. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

13. The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

## PARTIES

**Plaintiff**

14. Plaintiff was and is a resident of Richmond County, New York.

15. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b), and her consent is attached hereto.

**Defendants**

16. Defendant MIKE JR'S DINER was and is a domestic for-profit corporation organized under the laws of the State of New York, with a principle place of business at 4677 Hylan Boulevard Staten Island New York 10312.

17. Defendant MIKE'S PLACE was and is a domestic for-profit corporation organized under the laws of the State of New York, with a principle place of business at 3954 Richmond Avenue Staten Island, New York 10312.

18. At all times relevant to this action, MIKE JR'S DINER has been a business or enterprise engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

19. At all times relevant to this action, MIKE'S PLACE has been a business or enterprise engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

20. Defendant Michael C. Moudatsos Sr., upon information and belief, was and is a resident of the State of New York.

21. Defendant Michael C. Moudatsos Jr., upon information and belief, was and is a resident of the State of New York.

22. That at all times, Defendants operate restaurants in Richmond County, New York.

23. At all times relevant to this action, Defendant Michael C. Moudatsos Sr. was and is an executive, director, member, and owner of Mike Jr's Diner and Mike's Place.

24. At all times relevant to this action, Defendant Michael C. Moudatsos Jr. was and is an executive, director, member, and owner of Mike Jr's Diner and Mike's Place.

25. At all times relevant to this action, Michael C. Moudatsos Sr. was and is an executive, director, member, and owner of Mike Jr's Diner.

26.  Defendants Michael C. Moudatsos Sr. and Michael C. Moudatsos Jr. exercised control over the employment terms and conditions of Plaintiff and similarly situated employees and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff and similarly situated employees.

27. At all times, Plaintiff could complain to Michael C. Moudatsos Sr. and Michael C. Moudatsos Jr. directly regarding any of the terms of her employment, and Michael C. Moudatsos Sr. and Michael C. Moudatsos Jr. would have the authority to effect any changes to the quality and terms of Plaintiff's employment.

28. Defendants Michael C. Moudatsos Sr. and Michael C. Moudatsos Jr. exercised functional control over the business and financial operations of employees, including payments of wages, cash wages, recording hours, tax withholdings, wage notices, and adhering to Federal and State regulations for employment practices and compensation.

29. At all relevant times, Michael C. Moudatsos Sr. is an "employer" and is an "enterprise engaged in commerce" within the meaning of the FLSA and the Regulations thereunder.

30. At all relevant times, Michael C. Moudatsos Jr is an "employer" and is an "enterprise engaged in commerce" within the meaning of the FLSA and the Regulations thereunder.

31. At all relevant times, Defendants Michael C. Moudatsos Sr. and Michael C. Moudatsos Jr. owns, operates and controls Defendants Mike Jr's Diner and Mike's Place's day-to-day operations and management and jointly employed Plaintiff and other similarly situated employees.

32. Each Defendant, either directly or indirectly, has hired and fired Plaintiff and other employees, controlled Plaintiff's work schedule and employment conditions, determined her payment rate and distribution of gratuities and kept at least some records regarding her employment.

## STATEMENT OF FACTS

**Plaintiff's Employment at Defendant MIKE'S PLACE**

33. Defendant MIKE'S PLACE is a restaurant located at 4677 Hylan Boulevard Staten Island, New York 10312.

34. Defendant MIKE'S PLACE is open every day of the week for breakfast, lunch, and dinner service.

35. Plaintiff commenced employment at Defendant MIKE'S PLACE on or about August 2014 through August 2017.

36. Defendants Michael C. Moudatsos Sr. and Michael C. Moudatsos Jr. are regularly at the Defendants' restaurants and instructing employees what to do, have the authority to hire and terminate employees, change their pay and pay schedules, and maintain records regarding employee hours worked and compensation.

37. Defendants employed Plaintiff at MIKE'S PLACE as a waitress from August 2014 until she was transferred to MIKE JR'S DINER on or about August 2017.

38. In her capacity, Plaintiff was responsible for taking customers' food and beverage orders and service thereof.

39. On any given day, Plaintiff worked with between 4 and 8 other waiters/waitresses per shift.

40. From personally observing the other waiters and speaking with them, Plaintiff knew they performed the same primary duties and received the same compensation structure at MIKE'S PLACE and MIKE JR'S DINER.

41. Plaintiff was scheduled to work from 9:00a.m to 9:00pm for five days a week, Tuesday through Saturday at Defendant MIKE'S PLACE.

42. Plaintiff worked between twelve and thirteen (12-13) hours a day for five (5) days a week while employed by Defendants at MIKE'S PLACE.

43. Defendants compensated Plaintiff at an hourly rate of $5.00 per hour for 35 hours a week and $1.00 per hour thereafter for any hours above 35 hours a week. Defendants' compensated Plaintiff at $1.00 hourly wage in cash for the remainder of the hours she above 35 hours a week to make it appear as if she was working off the clock.

44. Plaintiff worked between 60 to 65 hours a week without meal breaks during her 12-13-hour daily shifts while working for Defendants at MIKE'S PLACE.

45. On or about May 2017, Defendants increased Plaintiff's hourly wage to $7.50 per hour for 35 hours a week and continued to compensate Plaintiff $1.00 per hour in cash for all hours above 35 hours a week.

46. Plaintiff and other waiters clocked in using an employee punch card.

**Plaintiff's Employment at Defendant MIKE JR'S DINER**

1. Defendant MIKE JR'S DINER is a restaurant located at 3954 Richmond Avenue Staten Island, New York 10312.

2. Defendant MIKE JR'S DINER is open every day of the week for breakfast, lunch, and dinner service.

3. Plaintiff was transferred and commenced employment at Defendant MIKE JR'S DINER on or about August 2017.

4. Defendants Michael C. Moudatsos Sr. and Michael C. Moudatsos Jr. are regularly at the Defendants' restaurants and instructing employees what to do, have the authority to hire and terminate employees, change their pay and pay schedules, and maintain records regarding employee hours worked and compensation.

5. Defendants employed Plaintiff at MIKE JR'S DINER as a waitress from August 2017 to on or about May 28, 2018.

6. In her capacity, Plaintiff was responsible for taking customers' food and beverage orders and

service thereof.

7. On any given day, Plaintiff worked with between 4 and 8 other waiters/waitresses per shift.

8. From personally observing the other waiters and speaking with them, Plaintiff knew they performed the same primary duties and received the same compensation structure at MIKE'S PLACE and MIKE JR'S DINER.

9. Plaintiff was scheduled to work from 8:00 a.m. to 10:00 p.m. for five (5) days a week, Monday through Friday at Defendant MIKE JR'S DINER.

10. Plaintiff worked fourteen (14) hours a day for five days a week while employed by Defendants at MIKE JR'S DINER.

11. Defendants compensated Plaintiff at an hourly rate of $7.50 per hour for 33 hours a week and $1.00 per hour in cash thereafter for any hours above 33 hours a week. Defendants' compensated Plaintiff at a $1.00 hourly wage in cash for the remainder of the hours she worked above 33 hours a week to make it appear as if she was working off the clock.

12. Plaintiff worked 70 hours a week without meal breaks during her 14-hour daily shifts while working at Defendants at MIKE JR'S DINER.

13. On or about January 2018, Defendants increased Plaintiff's hourly wage to $8.65 per hour for 33 hours a week and continued to compensate Plaintiff $1.00 per hour in cash for all hours above 33 hours a week.

14. Plaintiff and other waiters clocked in using an employee punch card.

**Defendants' Unlawful Wage and Corporate Policies**

15. Defendants paid Plaintiff and other waiters $5.00 per hour in 2014 when the minimum was $8.00 per hour.

16. Defendants paid Plaintiff and other waiters $5.00 per hour in 2015 when the minimum was $8.65 per hour.

17. Defendants paid Plaintiff and other waiters $5.00 per hour in 2016 when the minimum was $9.00 per hour.

18. Defendants paid Plaintiff and other waiters $7.50 per hour in 2017 when the minimum was $11.00 per hour.

19. Defendants paid Plaintiff and other waiters $8.65 per hour in 2018 when the minimum was $13.00 per hour.

20. Defendants availed themselves of the tip credit: difference between the statutory minimum wage and the rate tipped employees may be paid, provided certain conditions are met. This is often referred to as the "tipped minimum wage."

21. Defendants failed to pay Plaintiff and similarly situated employees at the proper tipped minimum wage.

22. Defendants entirely failed to pay Plaintiff and similarly situated employees overtime compensation for all hours worked in excess of forty (40) hours a week.

23. Instead, Defendants' policy and practice was to compensate Plaintiff and similarly situated employees a rate of $1.00 per hour in cash for any hours above 33-35 hours a week.

24. Defendants never informed Plaintiffs or other similarly situated employees by way of the statutory wage statement or otherwise that they are taking at tip credit.

25. Defendants had a common policy and practice of compensating Plaintiff and other similarly situated employees an hourly wage for only 33-35 hours instead of 40 hours and entirely failed to compensate employees the minimum wage for hours over 33-35, overtime premiums, and spread-of-hour pay.

26. By speaking with other waiters and observing Defendants' policies and practices at MIKE'S PLACE and MIKE JR'S DINER, Plaintiff and similarly situated employees were paid well below the minimum wage and were not compensated for overtime premiums and spread-of-

hour pay.

27. Defendants practices are common among and between the restaurants as they are commonly owned by a father and son, have the same employment policies, products, and employees are transferred by and between the Defendants' restaurants.

28. Plaintiff and the Collective and Class Action Members were paid by the same corporate policies of Defendants, including failing to pay minimum wage for all hours worked, overtime premiums and spread-of-hour premiums and failing to provide wage statements and wage notices.

29. Defendants did not provide Plaintiff or the Collective and Class Action Members with proper wage notices at the time of hire or by February 1 of each year.

30. Defendants failed to provide accurate wage statements to Plaintiff and the Collective and Class Action Members which reflected, among other information, all hours worked, including overtime hours, the regular and overtime pay rate(s) during the pay period.

31. Despite the fact that Plaintiff and the Collective and Class Action Members typically worked over forty (40) hours each week, Defendants did not pay them overtime premiums of one and one-half (1.5) their hourly rate.

32. Despite the fact that Plaintiff and the Collective and Class Action Members worked in excess of ten (10) hours per day, Defendants failed to pay Plaintiff and the Collective and Class Action Members an extra hour of minimum wage for such days.

33. Upon information and belief, throughout the collective and class period and continuing until today, Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

**Plaintiff's Claims Under NYSHRL and NYCHRL**

34. During the course of her employment with Defendants, Plaintiff was subjected to sexual

10

harassment, hostile work environment, and retaliation.

35. On or about May 2018, one of the kitchen cooks "John" at Defendant MIKE JR'S DINER began spreading false rumors with other kitchen staff that he had sexual intercourse with Plaintiff in the women's restroom at MIKE JR'S DINER.

36. Upon hearing the rumors, Plaintiff confronted John and requested his apology for the false accusations and rumors to no avail.

37. Thereafter, the kitchen staff, began calling Plaintiff "puta", translated as "whore" in English, during the course of her employment and every time she approached the kitchen to deliver or pickup her orders.

38. Plaintiff repeatedly reported this harassment to Defendant Michael C. Moudatsos Jr but he ignored her and failed to investigate the matter.

39. Instead, Michael C. Moudatsos Jr., condoned the hostile work environment and mocked Plaintiff by asking "was he any good?".

40. Other employees, including Joann Troccia, joined the mocking of the sexual harassment by Defendant Michael C. Moudatsos Jr., and other employees.

41. Plaintiff continued to plead with Defendant Michael C. Moudatsos Jr. to address the hostile work environment but Defendant Michael C. Moudatsos Jr.  turned a blind eye and brushed Plaintiff's complaint aside and stated to Plaintiff to "let it blow over."

42. Defendant Michael C. Moudatsos Jr. intentionally used these false allegations and rumors as a way to further embarrass, humiliate, and harass Plaintiff.

43. That at all times relevant, Plaintiff endured a hostile work environment at Defendant MIKE JR'S DINER.

## FLSA COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt tipped employees, including servers and waitstaff employed by the Defendants on or after the date that is three (3) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

45. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices and procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper wages, overtime premiums and spread-of-hour premiums. The claims of the Plaintiffs stated herein are essentially the same as those of the FLSA Collective Plaintiffs.

46. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail in English, Spanish, and any other language.

47. Under 29 U.S.C. § 206, Plaintiffs seek to assert these allegations and claims as a collective action for:

> All persons whom Defendants employ and have employed who were wait staff and other comparable tipped positions with different titles including "waiter", "waitress" "runner" or "server" any time since January 30, 2016 to the entry of Judgment in this case (the "Collective Action Period"), who were non-exempt employees under the FLSA (the "Collective Action Members").

48. Plaintiffs and the Collective Action Members are similarly situated on several legal and factual issues, including:

    a. Defendants employed the Collective Action Members;

b.  Collective Action Members performed similar duties;

c.  Defendants failed to keep true and accurate records for all hours Plaintiffs and Collective Action Members worked;

d.  Defendants willfully and recklessly violated the FLSA;

e.  Defendants failed to pay the Collective Action Members minimum wages for hours worked in excess of 33-35 hours a week and overtime compensation for hours worked in excess of 40 hours per workweek at the proper rate, violating the FLSA and the regulations promulgated thereunder;

f.  Defendants are not entitled to avail themselves of the "tip credit" for unlawfully compensating the plaintiff at a significantly reduced rate, failing to compensate Plaintiff entirely at the minimum wage for hours over 33-35 and failing to properly inform the Collective Action Members of the "tip credit"; and

g.  Defendants should be enjoined from such violations of the FLSA in the future;

## RULES 23 CLASS ALLEGATIONS – NEW YORK

49. Plaintiff also bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including waiters, waitstaff, servers, and runners employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

50. All said persons, including the Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class member are also determinable from the Defendants' records.  For purposes of notice and other purposes related to this action, their names and

13

addresses are readily available from Defendants.  Notice can be provided by means permissible under F.R.C.P. Rule 23.

51. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants; upon information and belief, there are in excess of twenty (20) Class Members.

52. The Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate action. All the Class members were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. The Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

53. The Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. The Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

54. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to

prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

55. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress to wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.

56. The adjudication of the individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

57. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

58. Defendants and other employers throughout the state violate the New York wage laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

59. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants employed the Plaintiff and Class Members;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of the Defendants regarding the types of work and labor for which the Defendants did not pay the Class Members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Plaintiff and Class Members for their work;

(d) Whether Defendants properly notified the Plaintiff and Class Members of their hourly rate, overtime rate, and tip credit;

(e) Whether Defendants compensated Plaintiff and Class Members spread-of-hours premium pay;

(f) Whether Defendants provided statutory meal breaks for Plaintiff and Class members; and

(g) Whether Defendants paid the Plaintiff and Class Members the proper minimum wage and overtime premium compensation;

## COUNT I
## FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE
### (Brought on Behalf of Plaintiff and the Collective Action Members)

60. Plaintiff, on behalf of herself and the Collective Action Members, hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

61. By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq*. including 29 U.S.C. §§ 206 and 215(a)(2).

62. Defendants failure to pay minimum wages for all hours worked caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiff and the Collective Action Members are entitled to recover from Defendants their full unpaid

minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## COUNT II
### FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

63. Plaintiff, on behalf of herself and the Collective Action Members, hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

64. By failing to pay overtime at a rate of not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants violated and continue to violate the FLSA, 29 U.S.C. §§201 *et. seq.,* including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

65. Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiff and the Collective Action Members are entitled to recover from Defendants their overtime wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## COUNT III
### NEW YORK LABOR LAW – UNPAID MINIMUM WAGE
**(Brought on Behalf of Plaintiff and Class Members)**

66. Plaintiff, on behalf of herself and the Class Members, hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

67. Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and the regulations promulgated thereunder.

68. Defendants' failure to pay minimum wage for all hours worked caused Plaintiff and Class Members to suffer loss of wages and interest thereon. Therefore, Plaintiff and the Class

Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§663(1) *et seq.*

## COUNT IV
## NEW YORK LABOR LAW – UNPAID OVERTIME
### (Brought on Behalf of Plaintiff and Class Members)

69. Plaintiff, on behalf of herself and the Class Members, hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

70. Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay overtime at a rate of not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours each week, in violation of the NYLL and the regulations promulgated thereunder.

71. Defendants' failure to pay overtime caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Therefore, Plaintiff and the Class Members are entitled to recover from Defendants their overtime wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§663(1) *et seq.*

## COUNT V
## NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS
### (Brought on Behalf of Plaintiff and Class Members)

72. Plaintiff, on behalf of herself and the Class Members, hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

73. Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Plaintiff and the Class Members worked either a split shift or more than ten (10) hours per day, in violation of NYLL §§650 *et. seq.,* and the regulations promulgated

thereunder including N.Y. Comp. Code R. & Regs, tit. 12, §§137*1.7(2010), 146-1.6(2012).

74. Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action.

**COUNT VI**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE**
**(Brought on Behalf of Plaintiff and Class Members)**

75. Plaintiff, on behalf of herself and the Class Members, hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

76. Defendants have willfully failed to supply Plaintiff and Class Members notice as required by Article 6, § 195 containing Plaintiff's and the Class Members' rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other: hourly rate or rates of pay and overtime rate or rates of pay; regular pay day designated by the employer in accordance with NYL, Article 6, §191; the name of the employer, or any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer plus such other information as the commissioner deems material and necessary.

77. Due to the Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided under NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

19

## COUNT VII
## NEW YORK STATE HUMAN RIGHTS LAW – HOSTILE WORK ENVIRONMENT
### (Brought on Behalf of Plaintiff)

78. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

79. New York State Executive Law § 296 provides that it shall be unlawful "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sexual orientation, military status, sex, disability, genetic predisposition or carrier status, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

80. Defendants engaged in an unlawful discriminatory practice in violation of the New York Executive Law by creating and maintaining discriminatory working conditions and discriminating against the Plaintiff because of her sex.

81. That as a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of lower Courts.

## COUNT VIII
## NEW YORK CITY HUMAN RIGHTS LAW – HOSTILE WORK ENVIRONMENT
### (Brought on Behalf of Plaintiff)

82. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

83. The Administrative Code of the City of New York § 8-107 [1] provides that, "It shall be an unlawful discriminatory practice: "(a) For an employer or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation, or alienage or citizenship status of any person, to refuse to hire or employ or to bar

or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

84. Defendants engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code Title 8, § 8-107(a) by creating and maintaining discriminatory working conditions and discriminating against the Plaintiff because of her sex.

85. That as a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

**COUNT IX**
**CIVIL DAMAGES FOR**
**FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. §7434(a).**

86. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

87. By failing to provide Plaintiff with accurate IRS Forms W-2 for all of the tax years during which she employed by Defendants, and failing to properly record, account for, and report to the IRS all monies actually earned and paid to Plaintiff for all of her work Plaintiff performed during the course of her employment with the Defendants, and failing to properly report correct amounts on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. §7434.

88. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

21

A. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and her counsel to represent the Collective Action Members;

B. Requiring Defendants to file with the Court and provide to Plaintiffs' counsel a list of all names and current home addresses and email addresses of all individuals who currently work or have worked for Defendants as non-exempt during the applicable statute of limitations period;

C. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

D. An order tolling the statute of limitations;

E. A declaratory judgment that practices complained of herein are unlawful under the FLSA and NYLL;

F. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

G. An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to FLSA and the NYLL and supporting regulations;

H. An award of liquidated damages for non-payment of minimum wages and overtime compensation under FLSA and NYLL and supporting regulations;

22

I.   An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten (10) hours;

J.   An award of fifty ($50) dollars per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6, § 195(1) pertaining to distribution of wage notice, occurred or continued to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL Article 6, §198(1-b);

K.   An award of two hundred fifty dollars ($250) per Plaintiff and each of the Class Members for each day that violation of NYLL, Article 6 § 195(3), pertaining to distribution of wage statements, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 §198(1-d);

L.   An award of pre-judgment and post-judgment interest;

M.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

N.   An award of damages resulting from additional tax debt and additional time and expenses associated with any necessary tax correction;

O.   An award to Plaintiff pursuant to her claims under NYSHRL and NYCHRL for the conduct complained herein as Plaintiff has suffered and will continue to suffer the loss and/or partial loss of a career and the loss and/or partial loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses, pecuniary losses, emotional pain, suffering, inconvenience, injury to reputation, attorney's fees, and other non-pecuniary losses;

P.   All costs and attorney's fees incurred in prosecuting claims under NYSHRL and NYCHRL; and

Q.   Such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all questions of fact the

Complaints raises.


Dated: January 30, 2019
      New York, New York

                                         **POLAT LAW GROUP, PLLC**

                                         /s/ Emre Polat

                                         _____
                                         Emre Polat, Esq. (EP1814)
                                          45 Broadway, Suite 1420
                                         New York, New York 10006
                                         (212) 480-4500
                                         emre@polatlawyers.com
                                         *Attorneys for Plaintiffs*

**CONSENT TO SUE UNDER THE FLSA**

I, DEBRA PERROS, am an individual formerly employed by My Roula Inc., d/b/a MIKE JR'S RICHMOND DINER and JOHN DOE CORPORATION d/b/a MIKE'S PLACE (including, any successors, affiliates or related entities, "Defendants"). I consent to be a Plaintiff in an action to collect unpaid compensation against Defendants.

I agree that I am bound by the terms of the Professional Services Agreement signed by the named Plaintiff in this case.

*Debra Perros*
Print Full Legal Name

*[signature]*
Signature

*1-29-19*
Date